IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JA-HAN JAMIL NEWSON**, | Case No. 3:25-cv-1130-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **JOURNEY PEARCE** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Ja-Han Jamil Newson has sued Defendants Journey Pearce, Amaka Omekara, Brandon Taylor, Oregon Department of Human Services Child Welfare Division ("DHS"), and Multnomah County Probation Department, alleging violations of his constitutional rights under 42 U.S.C. § 1983 and violations of state law. Plaintiff currently is on probation for a state conviction and alleges that Defendants forced him from his lawful residence without evidence of a probation violation. Plaintiff is representing himself and is proceeding *in forma pauperis*. Plaintiff has moved for a temporary restraining order ("TRO"), requesting, among other things, an Order permitting him to return to his residence and prohibiting GPS or other surveillance conditions absent a judicial finding.

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

A motion for TRO must be supported by "specific facts in an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff did not file a declaration under penalty of perjury or a verified complaint, and thus his TRO is procedurally deficient and must be denied.

Even if Plaintiff had filed a declaration or verified complaint, the motion would fail on the merits. Plaintiff fails to show a likelihood of success on the merits because the *Younger*[1] doctrine likely requires the Court to abstain from hearing this case. This doctrine and its progeny are based on the interests of comity, federalism, and economy that counsel federal courts to maintain respect for state functions and not unduly interfere with certain ongoing state proceedings. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (1989). Under this doctrine, a federal court abstains from hearing a case when there are ongoing state proceedings at the time the federal case is filed that fall within three categories of cases:

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

(1) state criminal proceedings; (2) state civil enforcement proceedings; and (3) state "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (quoting *New Orleans*, 491 U.S. at 367-68). It also applies to actions seeking declaratory and injunctive relief. *Hirsh v. Justs. of the Sup. Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

Under *Younger* abstention, a federal court must abstain when four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*S.J. Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (hereinafter "*SJSVCCPAC*"), *abrogated on other grounds by Sprint Commc'ns*, 571 U.S. 69. A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger*, 401 U.S. at 43-54. Such extraordinary circumstances generally require a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 49, 53.

In the answer filed by Defendants Omekara and DHS (collectively, the "DHS Defendants"), the DHS Defendants state that in late June, Plaintiff filed motions in his pending Multnomah County Circuit Court criminal case. ECF 18 ¶ 14. In these motions, Plaintiff seeks relief that includes an order permitting him to return to his residence and an order removing the GPS tracking monitor placed on him. *Id.* The DHS Defendants also assert, on information and belief, that these motions continue to pend before the state court. *Id.* Further, the DHS

Defendants allege, on information and belief, that the state court recently entered an order clarifying that Plaintiff is allowed contact with his partner. *Id.*

As to the first *Younger* factor, Plaintiff's state criminal case is an ongoing state proceeding. As to the second factor, the Supreme Court has held that "a proper respect for state functions," such as Plaintiff's ongoing criminal proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong, there is no reason that Plaintiff cannot pursue his claims in state court. Indeed, Plaintiff allegedly has already filed motions in state court requesting the same relief. Finally, any interference by this Court in the state court criminal proceedings will likely cause precisely the type of results that were disapproved of by the Supreme Court in *Younger*. *See SJSVCCPAC*, 546 F.3d at 1092 (citing cases). Plaintiff also does not sufficiently allege that Defendants acted in bad faith or for harassment, or that the challenged action is flagrantly unconstitutional, such that an exception to *Younger* does not apply. Therefore, this case is likely subject to the *Younger* doctrine.

The Court DENIES Plaintiff's Motion for Temporary Restraining Order, ECF 3. This denial is without prejudice for Plaintiff to renew the motion if the Court has misunderstood the facts.

**IT IS SO ORDERED.**

DATED this 20th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge